Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4304 | **DATE** | 8/23/02 |
| **CASE TITLE** | Zaccagnini vs. Chas. Levy Circulating Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies plaintiff's motion to alter or amend the judgment.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 18 2002 | 26 |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| OR | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOHN ZACCAGNINI, )
)
Plaintiff, )
)
vs. ) Case No. 01 C 4304
)
CHAS. LEVY CIRCULATING COMPANY, )
)
Defendant. )

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Plaintiff John Zaccagnini has moved for reconsideration of the Court's July 2, 2002 decision to grant summary judgment for defendant Chas. Levy Circulating Company in this age discrimination case. The Court concluded that plaintiff had failed to provide evidence from which a jury could conclude that one of the reasons offered for its failure to rehire plaintiff – that it had looked to the Teamsters Union to submit names for open driver positions, and plaintiff's name was not submitted – was pretextual. Plaintiff argues that he was essentially sandbagged in that the ground the Court relied upon was only really argued in the defendant's reply so he had no chance to respond, and was inconsistent both with defendant's discovery responses and the evidence in the case.

Defendant argues that the union-hiring rationale was mentioned in its opening brief, so that plaintiff's failure to address it then should be considered a waiver of the point. Though this is a close question, the Court disagrees. Defendant's opening brief mentioned the point in passing, and it was not until the reply that it was relied upon prominently. Plaintiff reasonably could have read defendant's opening brief as relying only on a single rationale – a purported "no

rehire" policy. So the Court will consider plaintiff's motion on its merits.

In ruling for defendant, the Court relied in part on evidence that defendant looked to the Union to recommend applicants, that it had always hired from the names given by the Union, and that the Union did not submit plaintiff's name. Plaintiff says that the Court should not even consider this rationale because it was not disclosed in discovery. Plaintiff served an interrogatory asking defendant to state all reasons why plaintiff was not considered for rehiring. Defendant answered:

> Zaccagnini was not considered for rehire by CLCC in or around the Fall of 1997 because there are no recall rights in the applicable collective bargaining agreement and, therefore, laid off employees were not considered by the company. In addition, there is no historical practice of recall of laid off drivers.

But defendant has shown that during the course of discovery, two key witnesses discussed the union-hiring issue, and the person responsible for the hiring decision that plaintiff challenges unequivocally testified that he looked to the Union for applicants, he always got his drivers from the Union, and he had never been told that plaintiff was looking for a job. This disclosure during the course of discovery is more than sufficient to permit defendant to rely on the union-hiring rationale even if it is claimed to be inconsistent with the interrogatory answer.

Even now that he has been able to respond fully to defendant's union-hiring argument, plaintiff has no admissible testimony or documents that contradict defendant's contention. In other words, he has no evidence that the particular supervisor who made the hiring decisions at issue, Kevin King, ever looked to anyone other than the Union for driver applicants[1]; he has no

---

[1] The fact that defendant may have found drivers in other ways at other times is of no consequence; the issue in this case concerns hiring decisions made by King, and there is no evidence that he made hiring decisions in any other way.

2

evidence to contradict King's statement that he got from the Union the names of the particular drivers whose hiring is at issue here; and he has no admissible evidence contradicting the defendant's evidence that the Union did not give plaintiff's name to King and that King was unaware that plaintiff was interested in being re-hired. On the last of these points, plaintiff submitted with his motion an affidavit in which he stated that the Union representative had said he had told King of plaintiff's interest but that King said the company did not want to rehire plaintiff. This is plainly inadmissible hearsay – plaintiff's theory that the Union was the company's agent for purposes of Rule 801(d) is unsupported by any authority and is meritless – and it is also inconsistent with plaintiff's sworn deposition testimony, meaning that it could not provide a basis for denying summary judgment even if it were admissible. *See, e.g., Russell v. Acme-Evans Co.,* 51 F.3d 64, 67-68 (7th Cir. 1995).

All plaintiff has to go on is defendant's interrogatory answer, which he says is inconsistent with the union-hiring claim. An employer's shifting of reasons for a hiring decision can create an issue of fact requiring denial of summary judgment, *see Stalter v. Wal-Mart Stores, Inc.,* 195 F.3d 285, 290 (7th Cir. 1999), and if the interrogatory answer actually cast doubt on the veracity of the defendant's rationale for its personnel decision it would indeed provide a basis to deny summary judgment. *See, e.g., Miller v. American Family Mutual Insurance Co.,* 203 F.3d 997, 1008 (7th Cir. 2000) (pretext inquiry involves whether the employer's stated reason for its decision is phony or was not honestly believed by the employer). But the Court does not believe that the interrogatory answer casts doubt on the veracity of the union-hiring claim. Rather the answer dovetails with that claim. A key witness for defendant testified at her deposition that "[w]e got all of our drivers from Tony Judge, and he never recommended drivers that had

3

previously been there." McLeod Dep. 13. The company's position essentially was that laid off drivers were not considered (as the interrogatory answer stated), rather hiring was done through the Union, and the Union did not recommend plaintiff for hiring. The latter parts of this were omitted from the interrogatory answer, but that does not make the answer inconsistent, but merely incomplete. This incompleteness is, in the Court's view, insufficient to create a genuine issue of fact requiring denial of summary judgment, particularly because the gap, if there was one, was filled in by the previously-mentioned deposition testimony, and in view of plaintiff's inability to come with any evidence contradicting defendant's claim regarding how the particular hiring decisions at issue here were made.

For these reasons, the Court denies plaintiff's motion to alter or amend the judgment.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 23, 2002

4